UNITED STATES of America

v.

Lowell R. DOWNING.

Cr. No. 78–82.
Civ. A. No. 82–0989.

United States District Court,
W. D. Pennsylvania.

July 1, 1982.

Sandra D. Jordan, Asst. U.S. Atty., Pittsburgh, Pa., for plaintiff.

Wendell G. Freeland, Pittsburgh, Pa., for defendant.

## MEMORANDUM

MARSH, District Judge.

The defendant, Lowell R. Downing, on June 3, 1982, filed a Motion to Vacate Sentence because the presentence report "was not accurate" on November 17, 1978, "the date the trial Judge read the report." The motion will be denied.

Downing was convicted on an indictment charging him and co-defendant, Robert J. Solomon, with possession of cocaine with intent to distribute it.

Both Downing and Solomon pleaded guilty on June 27, 1978. A presentence report as to Downing was ordered.

In October, 1978, Downing withdrew his plea. He was tried to a jury and was found guilty.

Following the verdict, the presentence report, prepared by the probation officer dated September 8, 1978 was read by the court, and on November 17, 1978, the defendant was sentenced to 8 years imprisonment, fined $2,000, and a special parole term of 3 years was imposed.

Following the sentence, the defendant appealed to the Court of Appeals at 615 F.2d 1354 (2nd Cir.); filed a motion to vacate sentence on March 12, 1980; filed a motion to reduce sentence on June 12, 1980; filed an appeal from the order denying the motion to vacate to the Court of Appeals at 672 F.2d 905 (3rd Cir.); sought certiorari to the Supreme Court of the United States at 455 U.S. 950, 102 S.Ct. 1452, 71 L.Ed.2d 664 (1981); and filed a motion to vacate or reduce sentence on March 17, 1982. He was not successful in any of these proceedings.

Included in the presentence report was the following information:

Prior Record: Juvenile—none.

Adult: Age 30. 12/7/77.

Offense: Possession of marijuana.

Place: Pittsburgh, Pennsylvania.

Disposition: Sentence pending.

According to the defendant's motion:

"7. The information in the report was not accurate when read. On September 18, 1978 the state court judge entered a judgment of probation without verdict under authority of 35 Pa.C.S.A. § 780–117.

"8. The pertinent sub-section provides:

"A person may be entitled to probation without verdict under the following circumstances:

"(1) A person who has not previously been convicted of an offense under this act or under a similar act of the United States, or any other state, is eligible for probation without verdict if he pleads nolo contendere or guilty to, or is found guilty of, any nonviolent offense under this act. The court may, without entering a judgment, and with the consent of such person, defer further proceedings and place him on probation for a specific time period not to exceed the maximum for the offense upon such reasonable terms and conditions as it may require...."

The defendant's motion further averred:

"9. The offense involved was a violation of 35 Pa.C.S.A. § 780–113(a)(31), the possession of a small quantity of marijuana. The maximum period of incarceration under that sub-section is thirty days: 35 Pa.C.S.A. § 780–113(g). The maximum period of probation which could be imposed, therefore, was thirty days. Such an order was entered.

"10. Sub-section (3) of 35 Pa.C.S.A. § 780–117 (probation without verdict), in pertinent part, provides:

"Upon fulfillment of the terms and conditions of probation, the court shall discharge such person and *dismiss the proceedings against him...*" (Emphasis added.)

"11. On October 23, 1978, an order of expunction was entered by the judge of the Court of Common Pleas of Allegheny

County, Pennsylvania, Criminal Division."

The defendant's motion avers that the presentence "report was not amended between September and November 17, 1978, the date the trial judge read the report." (See Paragraph 6 of the motion.)

■ In our opinion, at the sentence hearing on November 17, 1978, the presentence report was substantially corrected by the defendant's trial counsel, J. Roi Jones.

Attorney Jones read the presentence report (Tr. p. 310). At p. 313, Attorney Jones stated, *inter alia:*

"The defendant's past record consists of the fact that he was found guilty of possession of marijuana *and received 30 days without probation violation. That was not in the presentence report. That was predated, prior to today.*" (Emphasis added.)

As heretofore observed, "[u]pon fulfillment of the terms and conditions of probation, the court shall discharge such person and *dismiss the proceedings against him.*" 35 Pa.C.S.A. § 780–117(3). (Emphasis added.)

In our opinion, Attorney Jones effectively corrected the presentence report prior to the imposition of sentence upon the defendant. No false assumption of an incorrect sentence was made.

The comments in the presentence report (first page) emphasized the serious nature of the offense. It stated:

"... codefendant Solomon confessed that he sold $100,000 worth of cocaine in 6 months for the defendant. The Drug Enforcement Administration also suspects that Downing had other dealers working for him in addition to Solomon. It should also be pointed out that the government suffered a loss of $1600 as a result of the instant offense....

"Due to the serious nature of the offense, the government's financial loss, and the defendant's refusal to cooperate with the investigating authorities, it is felt an imprisonment sentence is proper."

Moreover, the record of the sentencing hearing discloses that the court was not in the least concerned with the defendant's prior minor conviction, but completely focused on the magnitude of the defendant's guilt as a distributor of cocaine.

At the trial, Agent Upton testified that co-defendant Solomon "indicated that he, in the last six months, he had done approximately $100,000 worth of business for his source of supply" (Tr. p. 29). Solomon denied he had told that to Agent Upton (Tr. p. 161).

Agent Ramsey testified that the defendant Downing indicated where he had procured the cocaine.

"He procured that cocaine, as well as a large—further large amount in the state of New York, and he identified the persons from whom he obtained the drug, the purity of the drug, he explained to us the route that he would travel, that he would telephone the people in New York, make arrangements to get the drug, and that also, after he was arrested, he indeed purchased more drugs from this same group of people in New York" (Tr. pp. 198–199).

Downing denied he was a cocaine seller.

The government's promise to recommend probation if Downing pleaded guilty was founded on the defendant's agreement to send agents to his New York suppliers to make purchases. This agreement he decided he could not perform and he changed his plea to not guilty.

At the sentencing hearing the prosecutor emphatically recommended the maximum sentence of 15 years (Tr. p. 313).

At the sentencing hearing Agent Ramsey stated:

"Well, Your Honor, all I can say is that, Mr. Downing briefed me about his activity, he did say that he was dealing in considerable amounts of cocaine. He said

that one of the conditions was that he was not going to reveal those people who are local people in Pittsburgh.

"THE COURT: People?

AGENT RAMSEY: Yes, sir; there were more than one.

THE COURT: More than Solomon?

AGENT RAMSEY: That is correct."

(Tr. pp. 317—318.)

This statement was not contradicted by Downing when asked if he had anything to say (Tr. p. 318).

There was no emphasis whatsoever made of his one minor offense for which he had received 30 days probation according to Attorney Jones and, as stated in the defendant's Motion to Vacate.

In response to the prosecutor's recommendation of the maximum sentence, Attorney Jones argued:

"Obviously, we don't agree that the Defendant should be sentenced to a maximum penalty, obviously, because this is his first involvement in a case of this sort, and I think that should be taken into consideration by the Court, and we rely on that." (Tr. p. 316.)

██ The defendant's attorney's argument prevailed. The court sentenced the defendant to prison for 8 years and not the maximum of 15 years. The 30 days probation sentence in the state court had no influential effect on the sentence.

An appropriate order denying the motion to vacate will be entered.